IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00703-CMA-NYW

MICHAEL DEMPSEY, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

JASON'S PREMIER PUMPING SERVICES, LLC, and
JASON HAUCK,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Doc. # 24.)  Because there is no evidence of futility of amendment, undue delay, undue prejudice, or bad faith, the Court grants Plaintiff's Motion.

### I.    BACKGROUND

On April 4, 2015, Plaintiff filed the instant action bringing claims under the Fair Labor Standards Act and Colorado Wage Claim Act.  (Doc. # 1.)  On May 26, 2015, Defendants filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment, arguing that Plaintiff did not have standing to assert injuries resulting from any practice affecting "flow testers" because Plaintiff never worked for Defendants in the capacity of a flow tester.  (Doc. # 10.)  On June 12, 2015, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff filed an Amended Complaint to address the issue

expressed in Defendants' Motion to Dismiss and changed his job title from "flow tester" to "an oilfield operations worker." (Doc. # 11.) On June 26, 2015, Defendants filed a Motion to Dismiss Amended Complaint, arguing that: (1) Plaintiff's new allegation that he and others similarly situated were "oilfield operations workers" is conclusory in that oilfield operations workers include a variety of positions and responsibilities; and (2) Plaintiff failed to identify a single workweek in which he worked over forty hours and did not receive overtime pay. (Doc. # 16 at 2–3.)

On July 16, 2015, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. # 24) seeking to add a new plaintiff, allege additional facts more acutely defining his job description, and reference one work week as an example of Defendants' alleged illegal pay practices. (*Id.* at 2–3.) On August 6, 2015, Defendants filed a response opposing Plaintiff's motion on the basis of Plaintiff's failure to confer under Local Rule 7.1(a) and failure to cure the deficiencies of his amended complaint. (Doc. # 32 at 2.)

## II.   DISCUSSION

At the outset, the Court may deny the instant motion without prejudice for failure to comply with Local Rule 7.1(a), which requires the moving party to certify or describe in its motion specific good faith efforts it made to confer with opposing counsel to resolve a dispute. D.C.COLO.LCivR 7.1(a). Defendants note that "Plaintiff's Motion contains no statement regarding efforts to confer" and attach emails that, they argue, show that "Plaintiff's counsel's efforts in this regard were wholly deficient." (Doc. # 32 at 3.) In the interest of judicial economy, and finding from the emails that Defendants

generally opposed the motion regardless, the Court will address the substance of Plaintiff's motion.

Under Rule 15, unless an amendment is pleaded as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to freely give leave when justice so requires. *Id.* Courts generally refuse a leave to amend upon a showing of undue prejudice or delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Proposed amendments are futile when the amended complaint would be subject to dismissal for any reason. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1240–41 (10th Cir. 2001). A complaint is not subject to dismissal when the facts, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007).

In the instant case, there has been no undue delay or prejudice to Defendants because the deadline to file an amended complaint is August 25, 2015. (Doc. # 22.) Additionally, Plaintiff seeks leave to amend to include an additional plaintiff, add allegations elaborating on the nature of his work and job description, and to reference one workweek as an example of Defendants' alleged illegal pay practices. There is no showing that Plaintiff has a bad faith or dilatory motive or that his proposed amendments are futile. Because there is no evidence of failure to cure deficiencies by amendments previously allowed, futility of amendment, undue delay, undue prejudice, or bad faith, the Court grants Plaintiff's Motion for Leave to Amend Complaint.

## III. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. # 24) is GRANTED.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. # 10), and Defendants' Motion to Dismiss Amended Complaint (Doc. # 16), are DENIED as moot.

DATED:  August 13, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Court Judge