IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 15-cv-00703-CMA-NYW

MICHAEL DEMPSEY, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

JASON'S PREMIER PUMPING SERVICES, LLC, and
JASON HAUCK,

    Defendants.

**ORDER APPROVING CONDITIONAL CERTIFICATION
AND NOTICE TO POTENTIAL CLASS MEMBERS**

    Plaintiffs Michael Dempsey and David Weiler ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Jason's Premier Pumping Services, LLC ("JPPS") and Jason Hauck ("Defendants") (collectively "Parties") filed a Joint Stipulation and Proposed Order Regarding Conditional Certification and Notice to Class Members.  (Doc. # 44.)  The Court approves such stipulation.

    1. The central issues in this case are whether JPPS misclassified Plaintiffs and similarly situated workers as independent contractors and whether Jason Hauck is individually liable for any action or omission relating to the classification of JPPS's workers.

    2. Plaintiffs allege that Defendants misclassified them and other oilfield service workers as independent contractors and as a result failed to pay them overtime

pursuant to the requirements of the Fair Labor Standards Act ("FLSA").  Defendants deny these allegations, and affirmatively state that JPPS properly classified Plaintiffs and all others similarly situated as independent contractors and that Jason Hauck has no individual liability for any action or omission regarding JPPS's workers.

3.  This case shall be conditionally certified as a collective action under the FLSA, 29 U.S.C. § 216(b).  Two subclasses (collectively, the "Class") are to be conditionally certified and notice shall be sent to all current and former workers of JPPS that meet the following criteria:

> **All current and former oilfield service workers paid an hourly rate or day rate classified as independent contractors who provided services for Jason's Premier Pumping Services, LLC as either (a) a water facilities operator, or (b) a production watch worker (meaning individuals responsible for monitoring well pads and checking and documenting tank readings) in the United States from _____, 2012 [three years prior to date of mailing] to _____ 2015 [date of mailing].**

4.  By stipulating to the definition in Paragraph 3 above for the purposes of conditional class certification, Defendants do not admit that a three-year statute of limitations applies and otherwise do not waive any defenses.

5.  The Notice of Rights and Consent Form (Doc. # 44-1) is timely, informative, and accurate.  The Parties shall use such forms to inform the recipients of the notices of their right to opt into this lawsuit.

6.  For conditional certification purposes only, Gabriel A. Assaad of Kennedy Hodges, LLP shall serve as Class counsel and Michael Dempsey and David Weiler shall serve as the representatives for the Class.

7. Within **fourteen (14) days** of this Order, JPPS shall provide to Plaintiffs' counsel the names, dates of work (including start and end date), all known address, all known phone numbers (home, mobile, etc.), and all known email addresses (work and personal), where such information is available, for all current and former workers classified as independent contractors by Jason's Premier Pumping Services, LLC who meet the criteria set forth in paragraph 3, above.

8. Plaintiffs' counsel may use the information provided pursuant to paragraph 7 only for notice and investigative purposes related to the claims in this lawsuit.

9. Plaintiffs' counsel shall send by first class mail a copy of the Notice of Rights and Consent Form (Doc. # 44-1) to the addresses provided by JPPS to all persons contained on the list within ten (10) days of receiving the Class list from Defendants. Plaintiffs' counsel shall also include a self-addressed stamped envelope in the mailing. Plaintiffs' counsel shall file a notice with the Court upon completion of such mailing.

10. The Notice of Rights and Consent From shall be provided by electronic mail to the email addresses for all persons on the list.  Due to the fact that workers in the oil and gas industry travel frequently and are away from their homes for long periods of time, a brief text message with a link to the Notice of Rights and Consent Form shall also be sent to each worker's cellular phone.  Persons receiving the Notice of Rights and Consent Form shall be given the option to sign their forms electronically.  The electronic mail notification shall consist of a message that contains the Notice of Rights in the body of the message with a link to view and sign the Consent Form in the program Right Signature, which allows for electronic signature by the person viewing

the document.  The text message set forth herein will contain more or less the following language: "JPPS Overtime Lawsuit: JPPS records show that you provided services to JPPS and may be eligible to join this lawsuit.  Click below for more information" and shall contain links to electronic versions of the Notice of Rights and Consent Form.  All Consent Forms shall be returned to Plaintiffs' counsel, who in turn will be responsible for filing them with the Court within fourteen (14) days of Plaintiffs' counsel's receipt of the Consent Forms.

11. The individuals identified by JPPS as set forth in paragraph 3, above, shall have sixty (60) days from the date of the mailing of the Notice of Rights to sign their Consent Form to opt into this lawsuit as Plaintiffs.  The Notice of Rights shall contain the appropriate deadline for joining this lawsuit.  Consent Forms submitted in this manner shall be considered valid as long as the Consent Form is signed prior to the deadline and filed with the Court within the time frame set forth above.  Consent forms signed after the deadline shall not be valid unless good cause is shown.

DATED:  November 11, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge